

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR -7 PM 3: 05

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

MICHAEL D. MANIS, JR.

VERSUS

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY; B.H. MILLER, JR.,
IN HIS CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF GRETNA; THE CITY
OF GRETNA; THE GRETNA POLICE
DEPARTMENT; OFFICER HERBERT ESTE;
OFFICER CHRIS GORDON;
OFFICER VICTOR CASTAGNETO;
OFFICER BRIAN CLARK; OFFICER TOMMY LOUK;
OFFICER THOMAS PREJEAN; OFFICER JOSH STUART;
LT. J. JACKSON; and OTHER UNKNOWN OFFICERS

CIVIL ACTION

NUMBER: **01-0599**

SECTION: **SECT. C MAG. 1**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The complaint of Michael D. Manis, Jr., a person of the full age of majority, domiciled in the

Eastern District of Louisiana, avers the following:

1.

This action arises under the Constitution of the United States, particularly, the Eighth and

Fourteenth Amendments, and 42 U.S.C. §1983, as hereinafter more fully appears. The jurisdiction

of this Court is founded on 28 U.S.C. § 1331 and/or 28 U.S.C. §1346.

Fee /50.00
✓ Process /2 Dw
X Dktd Dw
___ CtRmDep___
Doc.No. /

2.

The defendants herein are:

1.  ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a foreign insurance company authorized to do and doing business in the State of Louisiana;

2.  THE CITY OF GRETNA, a municipal corporation organized under the Constitution and laws of the State of Louisiana;

3.  CHIEF OF POLICE, B.H. MILLER, a person of the full age of majority, employed by the City of Gretna Police Department, as the Chief of the Gretna Police Department, who on information and belief resides in the Eastern District of Louisiana;

4.  THE GRETNA POLICE DEPARTMENT, a unit of the municipal government of the City of Gretna;

5.  OFFICER HERBERT ESTE, a person of the full age of majority, employed by the City of Gretna Police Department, as a police officer, who on information and belief resides in the Eastern District of Louisiana;

6.  OFFICER CHRIS GORDON, a person of the full age of majority, employed by the City of Gretna Police Department, as a police officer, who on information and belief resides in the Eastern District of Louisiana;

7.  OFFICER VICTOR CASTAGNETO, a person of the full age of majority, employed by the City of Gretna Police Department, as a police officer, who on information and belief resides in the Eastern District of Louisiana;

8.  OFFICER BRIAN CLARK, a person of the full age of majority, employed by the City of Gretna Police Department, as a police officer, who on information and belief resides in the Eastern District of Louisiana;

9.  OFFICER TOMMY LOUK, a person of the full age of majority, employed by the City of Gretna Police Department, as a police officer, who on information and belief resides in the Eastern District of Louisiana;

10. OFFICER THOMAS PREJEAN, a person of the full age of majority, employed by the City of Gretna Police Department, as a police officer, who on information and belief resides in the Eastern District of Louisiana;

11.     OFFICER JOSH STUART, a person of the full age of majority, employed by the City
        of Gretna Police Department, as a police officer, who on information and belief
        resides in the Eastern District of Louisiana;

12.     LT. J. JACKSON, a person of the full age of majority, employed by the City of Gretna
        Police Department, as a police officer, who on information and belief resides in the
        Eastern District of Louisiana; and

13.     OTHER UNKNOWN OFFICERS, persons of the full age of majority, employed by
        the City of Gretna Police Department, as police officers, who on information and
        belief reside in the Eastern District of Louisiana.

3.

On March 8, 2000, plaintiff, Michael D. Manis, Jr., was arrested by defendant Officer Herbert

Este of the Gretna Police Department.  Following his arrest on that date, plaintiff was taken to the

Gretna Police Department headquarters where he, while handcuffed, was repeatedly beaten with fists

and sticks and repeatedly kicked by several defendant officers of the City of Gretna Police

Department, including the named defendants Officers Este, Gordon, Castagneto, Clark, Louk and

Prejean, who were all acting as police officers of the City of Gretna under color of state law at the

time of the incident.  There was no need for these officers to inflict these beatings on the plaintiff and

the use of official force was grossly excessive under the circumstances and was an abuse of official

power.

4.

Plaintiff was handcuffed at the time and gave no provocation, nor, being handcuffed, could

he offer any provocation.

5.

Several of the named defendants, as well as other unknown officers of the Gretna Police Department, (whose true identities are unknown at this time but will be named once discovered) also while acting under color of state law, were witnesses to these brutal attacks, but did not intervene to protect your complainant or otherwise render assistance or attempted to stop the beatings.

6.

After the plaintiff was beaten, he was transported by the Gretna Police Department to the Jefferson Parish Lock-up for booking, where correctional officers refused to accept him for booking because of his injuries.

7.

The plaintiff was then transported back to the Gretna Police Department where he was dragged out of the police vehicle, while still handcuffed, and was beaten a second time by the defendant officers, while no one attempted to intervene to protect your plaintiff from the beatings. Again, there was no need for these officers to inflict these beatings on the plaintiff and the use of official force was grossly excessive under the circumstances and was an abuse of official power.

8.

As a result of the vicious beatings, plaintiff was taken, by Officer Castagneto, to Charity Hospital for treatment for these injuries. While in route, Officer Castagneto, threatened plaintiff with further violence and injury if plaintiff told anyone about the beating incidents.

9.

The beatings administered by the identified officers of the Gretna Police Department, while acting under color of state law, involve the use of force that was grossly in excess of that needed and evidenced a deliberate indifference to plaintiff's constitutional rights and specifically violated, inter alia: (1) plaintiff's Fourth Amendment Rights; (2) plaintiff's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution, and (3) the cruel and unusual punishment prohibition of the Eighth Amendment of the United States Constitution.

10.

The failure of any of the defendants to intervene on behalf of plaintiff to protect him from the beatings administered by the aggressor officers and their failure to even attempt to render assistance to plaintiff or to stop the beatings also constitutes deliberate indifference to plaintiff's constitutional rights and violated plaintiff's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and implied condonation of same.

11.

The initial police report on the subject incident contains false information about the incident and your plaintiff in order to cover-up the civil rights violations of the defendant officers and placed plaintiff at risk for improper prosecution. The report was authored by defendant Officer Este, and reviewed and signed by his supervisor, defendant Lt. J. Jackson. After the report was written, Chief Miller learned of the falsehoods contained in the report and did nothing to correct same. To date, the report is still not corrected. These defendants and other unknown officers knowingly and maliciously conspired to falsify police reports concerning this incident and engaged in a cover-up of

Page -5-

the truth, all in violation of Plaintiff's due process and liberty rights.

12.

Upon information and belief, Chief B. H. Miller, made defendant herein in his official capacity, was aware of or should have been aware of the dangerous, volatile, and violent propensities of Officers Este, Gordon, Castagneto, Clark, Louk and Prejean. Nevertheless, he allowed these men to remain on the Gretna Police force and clothed them with the authority of state law and allowed them to abuse that authority in using excessive force particularly against the plaintiff. Chief Miller's inadequate screening, training, or monitoring of his officers' backgrounds and conduct, his failure to discipline officers who pose a threat to the public and his disregard of the obvious consequences of these systematic inadequacies constitute deliberate indifference to the rights of the plaintiff and are violative of plaintiff's due process rights.

13.

Chief Miller allowed officers in his department to have a safe haven at police headquarters in which they could routinely physically intimidate and batter arrestees such as your plaintiff without fear of reprisal or disciplinary action. Chief Miller thus condoned a policy of transporting arrestees to police headquarters rather than to the nearest jail, as is required by state law, thus allowing officers to violate arrestees' civil rights out of the view of the general public and consequently providing assistance to officers to avoid culpability for these acts. Further, by refusing to enforce the law against all persons equally, the plaintiff's due process rights were violated. These defacto policies violated your plaintiff's due process rights.

14.

Chief Miller is sued in his official capacity for having defacto policies of inadequate screening and/or training of his subordinate officers and for having a lax policy regarding discipline of those officers, thus allowing the defendant officers to abuse their authority in beating the plaintiff and/or in failing to intervene to protect plaintiff. These policies directly led to or allowed the violation of plaintiff's rights to occur.

15.

The actions of the defendant officers in beating the plaintiff and in failing to intervene to stop the beating, thus causing plaintiff's injuries, also constitute acts and/or omissions that are actionable under Article 2315 *et seq.* of the Louisiana Civil Code. Therefore, these defendants are liable to plaintiff for an award of damages under state law, which this Honorable Court has the authority to consider under its ancillary jurisdiction.

16.

Also under state law, Chief Miller, the Gretna Police Department, and/or the City of Gretna, as the employer(s) of the defendant officers, is/are liable for all damages occasioned by the acts and/or omissions of the defendant officers.

17.

Additionally, under state law, Chief Miller's inadequate screening, training, and/or monitoring of his officers and his failure to properly discipline dangerous officers under his command caused plaintiff's injuries and is actionable negligence under Article 2315 *et seq.* of the Louisiana Civil Code. Chief Miller is thus also directly liable under state law for the damages sustained by plaintiff in the

subject incident.

18.

As a result of the actions of the defendants, your petitioner has been damaged as follows: 1. past, present and future physical and mental pain and suffering; 2. past, present and future mental anguish, fear and fright; and 3. permanent physical injury and disability, including, but not limited to scarring and nerve damage.  In addition, plaintiff has and will incur past and future medical expenses.

19.

For these violations of plaintiff's constitutional rights, the named police officers are liable to plaintiff for compensatory damages pursuant to 42 U.S.C. §1983 and for an award of attorney fees pursuant to 42 U.S.C. §1988.

20.

Because the named police officers acted maliciously, willfully and wantonly, they are further liable to plaintiff for punitive damages under federal law.

21.

At all times pertinent the defendant St Paul Insurance had in full force and effect a policy of insurance insuring the defendants for all acts and omissions complained of and is consequently liable for all damages that may be awarded to the plaintiff.

22.

Petitioner further requests that this matter be tried before a jury.

**WHEREFORE,** plaintiff Michael D. Manis, Jr. prays that after due proceedings had, including a jury trial of this case, there be Judgment rendered herein in his favor and against

defendants, in solido, in an amount deemed reasonable by the trier of fact to compensate him for his

injuries and to punish the defendants for their actions, plus interest, court costs, and attorneys fees.

Respectfully submitted,

_____
NOLAN R. LAMBERT (Bar #17663)
**Lambert & Lambert**
631 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 581-3301; Facsimile: (504) 581-3305

_____
JOHN D. LAMBERT, JR. (Bar #7935)
**Lambert & Lambert**
631 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 581-3301; Facsimile: (504) 581-3305

_____
MICHAEL G. GAFFNEY (Bar #5868)
**Hurndon & Gaffney**
631 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 581-3301; Facsimile: (504) 581-3305

*complaint-manis*

**ATTORNEYS FOR MICHAEL D. MANIS, JR**